Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 623-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff



UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| CHARLES MCKAIN | ) Case No. |
| | ) |
| Plaintiff, | ) COMPLAINT FOR VIOLATION |
| | ) OF FEDERAL FAIR DEBT |
| vs. | ) COLLECTION PRACTICES ACT, |
| | ) ROSENTHAL FAIR DEBT |
| VALENTINE & KEBARTAS, INC. | ) COLLECTION PRACTICES ACT, |
| | ) AND INVASION OF PRIVACY |
| Defendant. | ) |
| | ) |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code § 1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair

practices. Ancillary to the claims above, Plaintiff further alleges claims for invasion of privacy arising from intrusion upon seclusion and public disclosure of private facts.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

## III. PARTIES

3. Plaintiff, CHARLES MCKAIN ("Plaintiff"), is a natural person residing in Santa Clara county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and is a "debtor" as defined by Cal Civ Code 1788.2(h).

4. At all relevant times herein, Defendant, VALENTINE & KEBARTAS, INC., ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code § 1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and RFDCPA, Cal Civ Code § 1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint,

Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

a) In connection with an attempt to collect an alleged debt from Plaintiff, contacting a third party for purposes other than obtaining location information (§ 1692b & § 1692c(b)), including but not limited to, Erik, an employee of Defendant, calling Jo Ann Utzerath, a neighbor of Plaintiff on August 18, 2009;

b) Communicating, or threatening to communicate to a third party the fact that Plaintiff has engaged in conduct, other than the failure to pay a consumer debt, which Defendant knew or had reason to know would defame the debtor (Cal Civ Code § 1788.10(c)), including but not limited to, Erik, an employee of Defendant, calling Jo Ann Utzerath, a neighbor of Plaintiff on August 18, 2009;

c) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code § 1788.11(d)), including, but not limited to, calling Plaintiff multiple times a day and calling Plaintiff at work;

d) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code § 1788.11(e)) including, but not limited to, calling Plaintiff multiple times a day and calling Plaintiff at work;

e) Communicating or threatening to communicate credit information which is known or which should be known to be false, (§ 1692e(8));

f) Falsely representing that information concerning Plaintiff's failure or alleged failure to pay a consumer debt has been or is about to be referred to a consumer reporting agency (Cal Civ Code § 1788.13(f)), including, but not limited to, sending Plaintiff a letter on August 5, 2009, advising that the alleged debt may be reported to a credit reporting agency;

g) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f)), including, but not limited to, calling Plaintiff's neighbor, calling Plaintiff at work and calling Plaintiff several times daily.

6. Defendant's aforementioned violations of the FDCPA and RFDCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person. Plaintiff had a subjective expectation of privacy that was objectively reasonable under the circumstances.

7. Defendant's aforementioned disclosure of facts regarding Plaintiff's debt to third parties constitutes a public disclosure of a private fact not of legitimate public concern. Defendant's disclosures were highly offensive to a reasonable person.

8. As a result of the above violations of the FDCPA, RFDCPA and invasion of privacy, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

9. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.   Declaratory judgment that Defendant's conduct violated the FDCPA;

B.   Actual damages;

C.   Statutory damages;

D.   Costs and reasonable attorney's fees; and,

E.   For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

10.   Plaintiff reincorporates by reference all of the preceding paragraphs.

11.   To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.   Declaratory judgment that Defendant's conduct violated the RFDCPA;

B.   Actual damages;

C.   Statutory damages for willful and negligent violations;

D.   Costs and reasonable attorney's fees,

E.   For such other and further relief as may be just and proper.

## COUNT III: COMMON LAW INVASION OF PRIVACY BY INTRUSION AND INVASION OF PRIVACY BY PUBLICATION OF PRIVATE FACTS

12.   Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Actual damages

    B.    Punitive Damages; and,

    C.    For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 28th day of September, 2009.

By: _____
**TODD M. FRIEDMAN (216752)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 623-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff**